IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2-10CV-060-J |
| JOEL RICHARDSON, RANDALL COUNTY SHERIFF; TIM LACEY, L.P.; MEDICAL CONTRACTOR FOR RANDALL COUNTY SHERIFF'S DEPT.; SCOTT DAVIS, L.P.; RONALD LACY, M.D.; RANDALL COUNTY COMMISSIONERS COURT; CORPORAL CARROLL; AND LIEUTENANT JOE MORRIS | § § § § § § § § § § § § | |
| Defendants. | § | |

## DEFENDANT'S MOTION TO DISMISS
## UNDER RULE 12(B)(6) AND BRIEF IN SUPPORT

Defendant, Ronald Lacy, M.D., files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) to Plaintiff Jay Anthony Nottingham's Original Complaint.

### Introduction

1. Plaintiff, Jay Anthony Nottingham, filed suit under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs and violations of his Eighth Amendment rights while incarcerated in the Randall County jail.

2. Defendants are Joel Richardson, Randall County Sheriff; Tim Lacey, L.P., Medical Contractor for Randall County; Scott Davis, L.P., Medical Department of Randall County; Ronald Lacy, M.D.; Randall County Commissioners Court; Corporal Carroll, Correctional Officer; and Lieutenant Joe Morris, Jail Administrator of Randall County Jail. Defendant

Ronald Lacy, M.D., at the time of the incarceration of the Plaintiff, provided medical services as a physician for inmates.

## Failure to State a Claim

3. In his Original Complaint, Plaintiff does not state a claim against Ronald Lacy, M.D. upon which relief can be granted.

4. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that plaintiff cannot prove any set of facts that would entitle him to relief. *Hison v. King & Spaulding*, 467 U.S. 69, 73 (1984).

5. In his Original Complaint, Plaintiff alleges that "Dr. Lacy failed to properly oversee the actions of Tim Lacey, L.P.[,] allowing him to provide evaluations and to diagnose medical conditions which were outside the scope of his training and knowledge." Plaintiff's Original Complaint, p. 10. Plaintiff admits that "Dr. Lacy never personally examined [him]." Id. Plaintiff further alleges that Dr. Lacy's failure to supervise Tim Lacey caused "deterioration of [his] health and the permanent increase in damage to [his] kidneys." Id.

6. Plaintiff does not allege Dr. Lacy was deliberately indifferent to his serious medical needs; therefore, he has not set forth the essential elements of a claim against Defendant Ronald Lacy, M.D., upon which relief can be granted.

7. Plaintiff cannot survive Defendant's Rule 12(b)(6) motion to dismiss because, as to Defendant Ronald Lacy, M.D., he has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

8. Even if Plaintiff proves each fact alleged in his Original Complaint, he cannot prove the elements necessary to state a claim for deliberate indifference to his serious medical needs and/or violations of his Eighth Amendment freedom from cruel and unusual punishment pursuant to 42 U.S.C. § 1983 as to Defendant Ronald Lacy, M.D.

9. "Supervisory officials cannot be held liable under section 1983 for the actions of subordinates [...] on any theory of vicarious or *respondeat superior* liability. Rather, [Plaintiff] must show that the conduct of [Dr. Lacy] denied [him] his constitutional rights. When [...] a plaintiff alleges a failure to train or supervise, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. Tex. 2005) (internal quotations omitted).

9. Plaintiff made no allegations that Dr. Lacy's alleged failure to supervise violated his Eighth Amendment right to be free from cruel and unusual punishment, nor has Plaintiff alleged Dr. Lacy's alleged failure to supervise was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429, U.S. 97, 106 (1976). Ineffective and even negligent treatment does not establish an Eighth Amendment violation. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 n.5, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989).

> Rather, a "prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it. Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted).

10. Plaintiff has not alleged any instance in which Dr. Lacy "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

11. Because the Plaintiff did not state a claim upon which relief can be granted, the Court should dismiss Plaintiff's claims against Defendant Ronald Lacy, M.D.

### Prayer

For these reasons, Defendant Ronald Lacy, M.D. asks the Court to enter judgment that the Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against the Plaintiff, and award Defendant all other relief that the Court deems appropriate.

Respectfully submitted,

PETERSON FARRIS PRUITT & PARKER
A Professional Corporation
P. O. Box 9620
Amarillo, TX 79105-9620
(806) 374-5317; FAX: 372-2107


By_____
Thomas D. Farris, SB# 06844700
Email: tfarris@pf-lawfirm.com
***ATTORNEYS FOR DEFENDANT***
***RONALD LACY, M.D.***

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court. The electronic case filing system will send a

"Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

> Ms. Lee Ann Reno
> Sprouse Shrader Smith P.C.
> 701 S. Taylor, Suite 500
> Amarillo, TX  79105-5008
> Email:  leeann.reno@sprouselaw.com
> **Attorneys for Defendants**
>   **Joel Richardson, Randall County**
>   **Sheriff, Randall County Commissioners**
>   **Court, Corporal Carroll and Lt. Joe Morris**

and Pro Se Plaintiff will be served by certified mail, return receipt requested, at the following address:

> Mr. Jay Anthony Nottingham #1490726
> Jester III Unit
> 3 Jester Road
> Richmond, TX  77406
> **Pro Se Plaintiff**

_____
Thomas D. Farris