IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, PRO SE | § | |
| TDCJ-CID NO. 1490726 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 2:10-CV-0060-J |
| | § | |
| JOEL RICHARDSON, ET AL | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANTS' JOINT LIMITED MOTION FOR SUMMARY
JUDGMENT REGARDING THE AFFIRMATIVE DEFENSE OF
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

TO THE HONORABLE COURT:

Defendants[1] JOEL RICHARDSON, CRPL CARROLL, LT. JOE MORRIS, RONALD

LACY,[2] TIM LACEY, and SCOTT DAVIS[3] (collectively "Defendants") submit this Brief in

Support of Defendants' Joint Limited Motion for Summary Judgment as follows:[4]

---

[1] The Randall County Commissioners Court was named as a Defendant in Plaintiff's Complaint. The Randall County Commissioners Court filed a motion to dismiss on November 1, 2010. *See ECF Doc. No. 25.* Plaintiff filed a response on November 22, 2010. *See ECF Doc. No. 52.* On November 23, 2010, Magistrate Judge Clinton E. Averitte entered a Report and Recommendation that recommended the Randall County Commissioners Court's motion to dismiss be granted. *See ECF Doc. No. 58.* In the event that its motion to dismiss is not granted, the Randall County Commissioners Court joins in moving for summary judgment as stated in Defendants' limited motion for summary judgment.

[2] Ronald Lacy filed a motion to dismiss on November 1, 2010. *See ECF Doc. No. 26.* This Court extended the time for Plaintiff to file a response to on or before December 13, 2010. *See ECF Doc. No. 54.* Plaintiff was also ordered to file a Schultea Response on or before December 13, 2010 to separately identify the specific facts set forth in Plaintiff's Complaint which defeat Joel Richardson's, Crpl Carroll's, Lt. Joe Morris', the Randall County Commissioners Court's, and Ronald Lacy's entitlement to the defense of qualified immunity. *See ECF Doc. Nos. 55 & 56.* It appears that Plaintiff may not file any additional response with respect to the Randall County Commissioners Court's motion to dismiss because the Court entered an order which mooted the necessity of Plaintiff's filing any additional response. *See ECF Doc. No. 57.*

[3] Tim Lacey and Scott Davis filed a motion to dismiss on November 19, 2010. *See ECF Doc. No. 45.* This Court ordered that Plaintiff file a response to their motion to dismiss on or before December 13, 2010. *See ECF Doc. No. 53.*

[4] Defendants are filing this limited motion for summary judgment pursuant to an Order entered by Magistrate Judge Clinton E. Averitte on November 4, 2010, and respectfully submit that all Defendants reserve the right to file an additional summary judgment on all other applicable grounds should this suit proceed. *See Order to File Limited Motion for Summary Judgment and Order Setting Deadline for Response from Plaintiff, ECF Doc. No. 33.*

## I.    BACKGROUND

Plaintiff JAY ANTHONY NOTTINGHAM ("Plaintiff") filed this suit on March 22, 2010. *See ECF Doc. No. 1.* Plaintiff named multiple defendants and made various allegations against Defendants.[5] *See ECF Doc. No. 1, pp. 8-11.* The face of Plaintiff's Complaint reveals that Plaintiff failed to exhaust available administrative remedies. Plaintiff attempts to give an excuse for failing to exhaust by stating "I believed that the Medical Department at Randall County would eventually look at the records in their possession and realize the serousness [sic] of my medical condition and make arrangements for me to be evaluated by a doctor and then to administer proper medical care."[6] *See ECF Doc. No. 1, pp. 5 & 7.* Plaintiff additionally states that certain facts came to light during his trial and that "[h]ad I known these facts during my incarceration at Randall County, I would have filed the grievance procedures against Randall County at that time." *See ECF Doc. No. 1, p. 7.*

## II.    FACTUAL BACKGROUND

As is set out in detail in Defendants' Joint Limited Motion, Plaintiff was booked in to the Randall County Jail on January 28, 2008. He was given a copy of the inmate handbook the same day he was booked, and signed an acknowledgment of receipt of the inmate handbook. The inmate handbook describes the grievance procedures available to prisoners at the Randall County Jail. The available procedures required Plaintiff to first request a grievance form to file. Once Plaintiff received a reply, he could have appealed to the Appeals Board. If Plaintiff still was not satisfied, he could have appealed from the Appeals Board to the Sheriff. Plaintiff failed to complete any of the grievance process available to him.

---

[5] Plaintiff mentions negligent conduct, the ADA and Right to Privacy Regulations, but Defendants are not clear what claims Plaintiff is actually asserting against Defendants.
[6] Defendants fully dispute that Plaintiff did not receive proper medical care.

### III.   ARGUMENT AND AUTHORITIES

*A.    Legal standard for summary judgment*

Under proper circumstances, awarding summary judgment is favored in the federal courts. "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant must go beyond the pleadings and designate specific facts in the record which show that there is a genuine issue of material fact for trial. *Little*, 37 F.3d at 1075 (5th Cir. 1994). Some metaphysical doubt as to material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence will not satisfy the nonmovant's burden. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The mere allegation of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). Additionally, summary judgment is mandatory when a party fails to establish the existence of an essential element of his case on which that party will bear the burden of proof at trial. *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). Since exhaustion is an affirmative defense, summary judgment is appropriate when it is conclusively demonstrated that a prisoner failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

B.      *Plaintiff failed to exhaust his administrative remedies*

Under the Prison Litigation Reform Act ("PLRA"), prisoners must properly exhaust available administrative remedies prior to filing a section 1983 action concerning prison conditions or prison life, even when the prisoner seeks relief not available in the grievance proceedings.[7] *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 & n. 6 (2001). The PLRA's exhaustion requirement applies to all section 1983 claims. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Johnson v. La. ex rel. La. Dep't of Pub. Safety and Corr.*, 468 F.3d 278, 280 (5th Cir. 2006) (per curiam). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). The purpose of the exhaustion requirement is to force an inmate to go through the administrative process, which might afford prison officials the opportunity to take some corrective action that would preclude litigation. *Booth*, 532 U.S. at 737.

The Fifth Circuit's strict approach regarding exhaustion of administrative remedies requires more than "substantial compliance" with the available administrative remedies, and prisoners are required to fully exhaust the available remedies, whatever they may be. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). In order to exhaust available remedies, a prisoner must pursue his grievance remedy to conclusion. *Id.* Additionally, this Court is not required to inquire as to whether available administrative procedures satisfy minimum acceptable standards of fairness and effectiveness, but simply whether the prisoner exhausted them. *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (citing *Booth*, 532 U.S. at 740 n. 5).

---

[7] Exhaustion applies to all actions challenging prison conditions, including those under the ADA. *Wiley v. McKellar*, 167 Fed. App'x 385, 386 (5th Cir. 2006) (unpublished) (citations omitted). Additionally, "prison conditions" under 42 U.S.C. § 1997e(a) include individual instances of medical mis- or non-treatment. *Acosta v. U.S. Marshals Service*, 445 F.3d 509, 512 (1st Cir. 2006) (footnote omitted).

In this case, Plaintiff acknowledged receiving a copy of the inmate handbook when he was booked in to the Randall County Jail on January 28, 2008. *[Appx pp. 1-3; 13 (Affidavit of Randall County Sheriff Joel Richardson; Randall County Sheriff's Office Acknowledgment of Receipt of Orientation)]*. The inmate handbook informed Plaintiff of the administrative remedies available to him for filing a grievance related to conditions or actions taken against him. *[Appx pp. 1-3; 7-12 (Affidavit of Randall County Sheriff Joel Richardson; Randall County Jail Facility Inmate Handbook)]*. Despite receiving the inmate handbook, Plaintiff did not file any grievances with the Randall County Jail. *[Appx pp. 1-3 (Affidavit of Randall County Sheriff Joel Richardson)]*. Plaintiff clearly admits that he did not file any grievances on the face of his complaint. *See ECF Doc. No. 1, p. 7.*

Not only did Plaintiff wholly fail to exhaust his available administrative remedies, he did not even initiate the first step of his available remedies by filing a grievance. The PLRA therefore mandates that Plaintiff's claims fail as a matter of law. *See Wright*, 260 F.3d at 358; *see also* 42 U.S.C. § 1997e(a).

C.    *Conclusion*

Plaintiff clearly and admittedly failed to exhaust available administrative remedies prior to filing this section 1983 action. Summary judgment in favor of Defendants is therefore proper.

## IV.    **PRAYER**

WHEREFORE, Defendants Defendants Joel Richardson, Crpl Carroll, Lt. Joe Morris, Ronald Lacy, Tim Lacy and Scott Davis pray that the Court grant summary judgment on all of Plaintiff's claims against them, that Plaintiff take nothing, and that costs be taxed against Plaintiff.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.
Mark D. White, State Bar No. 21317900
Lee Ann Reno, State Bar No. 00791509
Andrew W. Sefzik, State Bar No. 24066045
701 S. Taylor, Ste 500
P. O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 fax

/s/ Lee Ann Reno
Lee Ann Reno
ATTORNEYS FOR DEFENDANTS RANDALL COUNTY
COMMISSIONERS COURT, RANDALL COUNTY
SHERIFF JOEL RICHARDSON, LT. JOE MORRIS, AND
CORP. CARROLL


PETERSON FARRIS PRUITT & PARKER
A Professional Corporation
P. O. Box 9620
Amarillo, TX 79105-9620
(806) 374-5317; FAX: 372-2107


/s/ Thomas D. Farris
Thomas D. Farris, SB# 06844700
Email: tfarris@Pf-lawfirm.com
ATTORNEYS FOR DEFENDANT
RONALD LACY, M.D.


COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 220-5200; (214) 220-5299 (Fax)

/s/ Stacy Hoffman Bruce
Stacy Hoffman Bruce
RAMONA MARTINEZ
Texas Bar No. 13144010
STACY HOFFMAN BRUCE
Texas Bar No. 24036793
email: rmartinez@cobmartinez.com
email: sbruce@cobbmartinez.com
ATTORNEYS FOR DEFENDANTS TIM LACY, LP AND
SCOTT DAVIS, LP

## CERTIFICATE OF SERVICE

I hereby certify that on **November 24, 2010**, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept service of this document by electronic means.   The following attorneys will be notified of the filing of this document as follows:

**PRO SE PLAINTIFF:**

Jay Anthony Nottingham, #1490726      **Via Certified Mail, Return Receipt Requested**
Jester 111 Unit
3 Jester Road
Richmond, TX 77406


/s/ Lee Ann Reno
Lee Ann Reno

608746_1.DOCX
6699.036