IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAY ANTHONY NOTTINGHAM, *PRO SE*, §<br>TDCJ-CID No. 1490726, §<br>FBI No. 29075T4, §<br>RANDALL COUNTY No. 9541, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JOEL RICHARDSON, Sheriff Randall County; §<br>TIM LACEY, LP - Medical Contractor for §<br>   Randall Co. Sheriff's Dept.; §<br>SCOTT DAVIS, LP - Medical Dept. of §<br>   Randall Co. Sheriff's Dept.; §<br>RONALD LACY, M.D., Medical Doctor §<br>   under whose license Medical Care is §<br>   given at Randall Co. Jail; §<br>RANDALL COUNTY COMMISSIONERS §<br>   COURT; §<br>NFN CARROLL, Crpl., Correctional Officer, §<br>   Randall County Jail; §<br>JOE MORRIS, Lt., Jail Administrator, §<br>   Randall County Jail, and §<br>RANDALL COUNTY, §<br>§<br>Defendants. § | 2:10-CV-0060 |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR DISMISSAL,
GRANTING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT,
AND ORDER OF DISMISSAL**

Plaintiff JAY ANTHONY NOTTINGHAM, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff paid the filing fee and is not proceeding *in forma pauperis*. Plaintiff's claims against defendant RANDALL COUNTY COMMISSIONERS COURT were dismissed May 25, 2011.

On September 13, 2011, a Report and Recommendation was issued by the United States Magistrate Judge recommending the Motions to Dismiss filed by defendants LACEY[1], DAVIS, and LACY be GRANTED; and defendants' joint limited motion for summary judgment regarding the affirmative defense of failure to exhaust administrative remedies should be GRANTED pursuant to Federal Rule of Civil Procedure 56(c). Accordingly, it was the further RECOMMENDATION of the Magistrate Judge to the United States District Judge, that plaintiff's Civil Rights and A.D.A. claims against all defendants be dismissed with prejudice as barred by limitations; plaintiff's claims against all defendants be dismissed for failure to state a claim due to failure to exhaust administrative remedies; plaintiff's claims against defendants LACEY, DAVIS, and LACY be dismissed with prejudice pursuant to Rule 12(b)(6), FED.R.CIV.PRO., for failure to state a claim on which relief can be granted and on defendants' defense of qualified immunity.

Lastly, in light of the earlier dismissal of defendant RANDALL COUNTY COMMISSIONERS' COURT[2] and the recommendation of dismissal for failure to exhaust administrative remedies[3] and pursuant to Rule 12(b)(6) for failure to state a claim, it was the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the dismissal of the instant suit should count as a "strike" under the PLRA.

---

[1] Defendant TIM LACEY is a licensed paramedic who administered medical care at the Randall County jail under the supervision of defendant Dr. LACY (no relation to defendant LACEY).

[2] Partial dismissals, that is, dismissals of some but not all defendants in a lawsuit, are counted in the Fifth Circuit as a strike, even where the remaining defendant(s) go to summary judgment or trial. See, e.g., *Adeleke v. Heaton*, 352 F.Appx. 904, 2009 WL 3682539 No. 08-11211 (5th Cir. – Nov. 5, 2009); *Foreman v. Potter*, 2010 WL 2465 232, No. 09-11172 (5th Cir. June 18, 2010).

[3] The Supreme Court recognized in *Jones* that failure to exhaust administrative remedies is a basis for dismissal for failure to state a claim when that affirmative defense has been asserted by defendants and is properly under court scrutiny. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. It is to say that there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defense to a pleading requirement . . . .").

Plaintiff filed his objections September 27, 2011. By his objections, plaintiff argues, in part, he should have been appointed counsel because of his disabilities and the complexity of his claims, and that the lack of counsel deprived him of secretarial staff and electronic filing. A review of the pleadings in the record does not show plaintiff needed more secretarial staff or access to electronic filing. Further, plaintiff received several extensions because of his disabilities and the Court has liberally construed his pleadings. While plaintiff feels the instant cause is one of those "exceptional circumstances" justifying the appointment of counsel, the Court examined that issue with respect to its ruling on plaintiff's motion to for appointed counsel and did not find the instant case to merit the requested appointment of counsel.

Plaintiff attacks the denial of his June 1, 2011 second motion for leave to amend complaint. Plaintiff's motion was dilatory and the proposed amended complaint was not complete. By June 1, 2011, defendants had answered. Plaintiff had already been allowed to amend on December 13, 2010. Plaintiff waited until the very day of a hearing on the motions to dismiss and motion for summary judgment limited to the issue of exhaustion before filing a third version of his complaint with his June 1, 2011 second motion for leave to amend. In addition to all of the preceding, plaintiff's proposed amended complaint did not contain previously stated claims, such as claims under the A.D.A.; and, when asked at the hearing, plaintiff expressly stated he was not abandoning such claims.

Plaintiff's proposed amendments have been analyzed and, as shown in that analysis, were futile. In response to plaintiff's representation to the Court that he was only trying to clarify that he had intended from the beginning that his claims were also against Randall County, the Court, solicitous of a pro se litigant, determined plaintiff would be allowed to amend to the extent that his

December 13, 2010 complaint would be read as naming defendant Sheriff Richardson in his official capacity, as well as in his individual capacity. Plaintiff was informed of this decision both during the hearing and subsequently by written order. Defense counsel was present, did not object, and was informed of the Court's decision. Although plaintiff complains of subsequent filing deadlines, those deadlines were discussed with the parties during the hearing and plaintiff agreed to them at that time.

Plaintiff also argues his December 13, 2010 complaint should be read as naming all parties in their official capacities and that this would result in the inclusion of Panhandle Correctional Care as a defendant. The Court only granted relief as to the inclusion of defendant Richardson in his official capacity, that is, Randall County. Plaintiff had full knowledge of the Court's decision. Critically, naming defendant Tim Lacey as a defendant in his official capacity would not bring in Panhandle Correctional Care, as plaintiff argues. Panhandle Correctional Care is not a governmental entity. At most, naming Tim Lacey in his official capacity might, or might not, bring in Randall County, a defendant the Magistrate Judge had already allowed plaintiff to bring in.

While plaintiff objects to the Court taking notice of facts to which he testified in the June 1, 2011 hearing held directly before the hearing in this cause, courts routinely take notice of the contents of their records. Further, plaintiff has not explained how recognition of that testimony "tainted[4]" the Report and Recommendation.

Plaintiff argues the facts he alleged show he was denied a constitutional right to adequate medical care. Plaintiff received medical care from defendants Tim Lacey and Davis. He disagrees with the care provided, but that disagreement does not provide the basis for a section 1983 claim.

---

[4] Plaintiff's September 27, 2011 Objection p. 12.

*Estelle v. Gamble,* 429 U.S. 97, 107-08, 97 S.Ct. 285, 293, 50 L.Ed.2d 251 (1976); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991). Further, defendant Tim Lacey, a licensed paramedic, provided such care under the supervision of defendant Dr. Lacy. The fact that plaintiff was not personally examined by Dr. Lacy does not show deliberate indifference. Plaintiff does not have the right to dictate whether his medical care will be given by a nurse, a paramedic, a nurse practitioner, a doctor, or a doctor specializing in a particular field. The only right he has is to medical care that is not constitutionally deficient, that is, medical care that amounts to deliberate indifference. Medical care by some medical care professional other than a doctor is not *per se* constitutionally deficient.

Plaintiff repeatedly argues defendants had his medical records; however, as stated in the Magistrate Judge's Report and Recommendation, plaintiff, himself, referred defendants Tim Lacey and Davis to his Randall County Jail medical records from the year 2002. Plaintiff now argues, for the first time, that they were in possession of his most recent medical records, those from Wheeler County dated October 7, 2008.

Plaintiff's cause no. 2:10-CV-0023 is his claim that defendants in Wheeler County did not provide him with any medical care while in their facility. Plaintiff now alleges for the first time that the dosage of his medications was listed in his Emergency Room records in Wheeler County.

Plaintiff was taken to the Emergency Room when he was first arrested and before being booked into jail in Wheeler County. Plaintiff does not show how Randall County medical caregivers would have access to those records. Further, even if plaintiff's Wheeler County emergency room records were available to the defendant Randall County medical caregivers, the fact that plaintiff's medicines and/or dosages are listed in the emergency room records does not

show they were prescribed by any physician, but merely shows they were listed in the records. Randall County caregivers needed some proof of what prescriptions and dosages were currently prescribed for plaintiff by a doctor, not what plaintiff told Wheeler County emergency room or what he had been receiving several years earlier. After examination by defendant Tim Lacey, plaintiff was prescribed medications and they were administered. Plaintiff disagrees with the dosages and some of the medications; however, this disagreement is not sufficient to support a claim under section 1983.

Plaintiff's challenges the Magistrate Judge's handling of the issue of exhaustion, stating dismissal on that basis is not appropriate unless failure to exhaust is apparent on the face of the complaint. Dismissal for failure to exhaust was done on defendants' combined motion for summary judgment limited to the issue of exhaustion and the procedure utilized was in compliance with that set forth by the Fifth Circuit in *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010). Defendants filed a motion for summary judgment limited to that issue, plaintiff was allowed to respond, a June1, 2011 evidentiary hearing was conducted on the issue, during which evidence was received and argument was considered.

The Magistrate Judge resolved factual issues in connection with that issue. This Court will treat those fact findings as recommendations on the factual issues raised. *See, Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010)(the Fifth Circuit agreed with the Seventh, Ninth, and Eleventh Circuits that factual disputes concerning exhaustion may be resolved by judges, noting judges have the power to resolve disputed facts dispositive of certain threshold issues such as subject matter jurisdiction, personal jurisdiction, and venue. Likening exhaustion to personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert plaintiffs have not invoked

the proper forum for resolving a dispute, the Fifth Circuit ruled, "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time," and concluded "judges may resolve factual disputes concerning exhaustion without the participation of a jury.").

Critically, as observed, plaintiff does not actually allege he exhausted administrative remedies with respect to each of his claims. He merely alleges he attempted to exhaust administrative remedies with respect to some of his claims, but not all, by filing some Step 1 grievances. Plaintiff does not allege he ever filed a Step 2 grievance saying his Step 1 grievance had not been processed or grieved that his grievances were not being processed. Plaintiff does not ever allege he exhausted administrative remedies; he argues he should be excused from that requirement.

Plaintiff complains the Magistrate Judge could have ruled in his favor on the issue of the continuing tort doctrine because it is recognized in federal common law, however, it is state law tolling provisions that govern tolling of limitations in 1983 claims. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Citing Fifth Circuit precedent on the issue of applying the continuing tort doctrine to the tolling of Texas claims, the Magistrate Judge made a recommendation in accord with the relevant Fifth Circuit precedent on that point.

Plaintiff complains the Report and Recommendation does not address the "organization of the medical care provided by Randall County . . . ." The issue before the Court is whether plaintiff has shown any one or more of the defendants was deliberately indifferent to his serious medical needs. Plaintiff states his condition was that he arrived in a wheelchair, exhibited limited use of his right arm, and that he reported that he suffered from seizures, a stomach disorder, kidney disease,

polycystic kidney disease, had blood in his urine, intense pain in his kidneys, and was sick and vomiting and unable to eat. Plaintiff says that by presenting these easily-recognizable medical problems, he had a right to be seen by defendant Dr. Lacy and the failure to provide that visit with Dr. Lacy amounted to deliberate indifference to his serious medical needs. By his objections, plaintiff accuses defendant Dr. Lacy of accepting the diagnosis and treatment recommendations of defendant Tim Lacey, LP. Plaintiff argues he was not on a self-imposed hunger strike as defendant Lacey thought, but was suffering from a valid medical condition, which also included increased seizure activity and kidney pain. Plaintiff says this medical need was clearly "serious."

The medical needs plaintiff recounts were clearly considered by the defendants. Plaintiff was evaluated by defendant Tim Lacey soon after his intake into Randall County jail and was repeatedly asked to provide his current medical records. Further, attempts were made to obtain samples of plaintiff's urine and blood. Medical caregivers are not required to simply take a detainee's word for what his medical conditions are, what prescription medications he needs, or the appropriate dosages. Plaintiff's repeated insistence that defendants utilize his records from a period several years earlier right after his heart attack and before his time in rehabilitation and his refusal to provide the blood sample frustrated attempts to verify his own report of his condition. The records in cause no. 2:10-CV-0023 show plaintiff had been using a cane before his arrest and incarceration in Wheeler County, two weeks before his incarceration in Randall County. Plaintiff's claims in 2:10-CV-0023 revolve around that period and his refusal to sign certain forms so Wheeler County officials could provide him with medical care. During those two weeks, plaintiff either couldn't or wouldn't eat much solid food. When plaintiff was transferred to Randall County, his refusal to provide current medical records and, later, a blood sample, frustrated attempts to

determine his current medical needs and medication. Despite plaintiff's allegation in his Objections that his weight dropped to "starvation standards," plaintiff actually alleged he lost nineteen pounds over a two month period, due at least in part, to the flu and thrush he says he contracted during that period.

The bottom line is that plaintiff received medical care while at the Randall County jail and disagrees with it. Plaintiff has not alleged facts to show that, in the face of plaintiff's failure to cooperate, defendants nevertheless had knowledge of a substantial risk of serious harm and ignored that risk.

Plaintiff's A.D.A. (R.A.) claim concerning the van was analyzed and dismissed for failure to state a claim and for failure to exhaust administrative remedies, as plaintiff's claim concerned his transport to TDCJ and occurred after the time plaintiff said he had quit filing grievances. Plaintiff's claims concerning other specific accommodations such as insufficient rails, distant call light, etc., were not included in his original complaint, his first amended complaint, or his proposed second amended complaint. Further, when asked what his ADA claim was at the June 1, 2011 hearing on defendants' motions to dismiss, plaintiff did not present these allegations.

Plaintiff's attempt to assert these new allegations in his third proposed amended complaint was denied by the Court.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as plaintiff's objections.

The Court is of the opinion that the fact-findings of the Magistrate Judge in connection with the issue of Exhaustion of Administrative Remedies and the entire Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge and the fact-findings contained therein.

IT IS THEREFORE ORDERED that the Motions to Dismiss filed by defendants LACEY[5], DAVIS, and LACY are GRANTED; and defendants' joint limited motion for summary judgment regarding the affirmative defense of failure to exhaust administrative remedies is GRANTED pursuant to Federal Rule of Civil Procedure 56(c). Accordingly, plaintiff's claims against defendants RICHARDSON, LACEY, DAVIS, LACY, CARROLL, MORRIS, and RANDALL COUNTY are dismissed with prejudice as barred by limitations; plaintiff's claims against defendants RICHARDSON, LACEY, DAVIS, LACY, CARROLL, MORRIS, and RANDALL COUNTY are dismissed for failure to state a claim due to failure to exhaust administrative remedies; plaintiff's claims against defendants LACEY, DAVIS, LACY, and RANDALL COUNTY are dismissed with prejudice pursuant to Rule 12(b)(6), FED.R.CIV.PRO., for failure to state a claim on which relief can be granted; and plaintiff's claims against defendants LACEY, DAVIS, and LACY, are dismissed on defendants' defense of qualified immunity.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Lastly, in light of the dismissal of defendant RANDALL COUNTY COMMISSIONERS' COURT[6] and the present dismissal pursuant to Rule 12(b)(6) for failure to state a claim by a failure

---

[5]Defendant TIM LACEY is a licensed paramedic who administered medical care at the Randall County jail under the supervision of defendant Dr. LACY (no relation to defendant LACEY).

[6]Partial dismissals, that is, dismissals of some but not all defendants in a lawsuit, are counted in the Fifth Circuit as a strike, even where the remaining defendant(s) go to summary judgment or trial. See, e.g., *Adeleke v. Heaton*, 352 F.Appx. 904, 2009 WL 3682539 No. 08-11211 (5th Cir. – Nov. 5, 2009); *Foreman v. Potter*, 2010 WL 2465 232, No. 09-11172 (5th Cir. June 18, 2010).

to exhaust administrative remedies[7], the dismissal of the instant suit qualifies as a "strike" under the PLRA.

The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the 29th day of September, 2011.

MARY LOU ROBINSON
United States District Judge

---

[7]The Supreme Court recognized in *Jones* that failure to exhaust administrative remedies is a basis for dismissal for failure to state a claim when that affirmative defense has been asserted by defendants and is properly under court scrutiny. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) ("As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim. It is to say that there is no basis for concluding that Congress implicitly meant to transform exhaustion from an affirmative defense to a pleading requirement . . . ." ).